Ross D. Tillman
John M. Newman
BOONE KARLBERG P.C.
201 West Main, Suite 300
P.O. Box 9199
Missoula, MT 59807-9199
Telephone: (406)543-6646
Facsimile: (406) 549-6804
rtillman@boonekarlberg.com
jnewman@boonekarlberg.com
*Attorneys for Defendant James Yeager
d/b/a Jim Yeager Outfitters*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHARLES P. McJUNKIN, deceased, by and through his executrix and personal representative, RHETT McJUNKIN, and RHETT McJUNKIN, executrix and personal representative, on behalf of the heirs of CHARLES P. McJUNKIN,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES YEAGER d/b/a JIM YEAGER OUTFITTERS,<br><br>Defendant. | Cause No. CV-17-12-BLG-SPW-TJC<br><br>**DEFENDANT JAMES YEAGER'S d/b/a JIM YEAGER OUTFITTERS ANSWER TO PLAINTIFFS' COMPLAINT & DEMAND FOR JURY TRIAL** |

Defendant James Yeager d/b/a Jim Yeager Outfitters ("Yeager"), for its Answer to the CHARLES P. McJUNKIN, deceased, by and through his executrix and personal representative, RHETT McJUNKIN, and RHETT McJUNKIN, executrix and personal representative, on behalf of the heirs of CHARLES P. McJUNKIN's ("Plaintiffs) Complaint and Demand for Jury Trial, admits, denies and alleges as follows:

## JURISDICTION AND VENUE

1. Upon information and belief, Yeager admits the allegations in paragraph 1.

2. Yeager is without information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore denies the same.

3. Yeager admits the allegations in paragraph 3.

4. Yeager is without information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore denies the same.

5. Yeager admits the allegations in paragraph 5.

6. Answering the allegations in paragraph 6, Yeager admits venue is appropriate in this division because the accident occurred near Columbus, in Stillwater County, Montana. Yeager denies any negligent act or omission on its behalf, and therefore denies the remaining allegations in paragraph 6.

## FACTS COMMON TO ALL COUNTS

7. Yeager admits the allegations in paragraph 7.

8. Yeager admits the allegations in paragraph 8.

9. Upon information and belief, Yeager admits the allegations in paragraph 9.

10. Answering the allegations in paragraph 10, Yeager admits certain portions of the Stillwater River include potentially hazardous and unsafe conditions, but denies there was any intention to float over the Beartooth Drop with Charles McJunkin. Yeager denies the remaining allegations in paragraph 10.

11. Answering the allegations in paragraph 11, Yeager admits on July 17, 2014, as it was guiding and operating the boat on the Stillwater River above the Beartooth Drop, a wave of water hit the boat and Charles P. McJunkin fell out of the boat. Yeager denies the remaining allegations in paragraph 11.

12. Yeager admits the allegations in Paragraph 12.

13. Yeager admits the allegations in Paragraph 13.

14. Answering the allegations of paragraph 14, Yeager admits Charles P. McJunkin's body was ultimately located below the Beartooth Drop, and that most of the clothes from Charles P. McJunkin's body had been removed. Yeager denies the force of the water removed most of McJunkin's clothes. Yeager is without

3

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14, and therefore denies the same.

15. Yeager denies the allegations in paragraph 15.

16. Answering the allegations in paragraph 16, Yeager admits that raft operators should have a heightened sense of awareness as to the dangers and potential hazards of this particular stretch of the Stillwater River. Yeager alleges it had no intention to proceed over the Beartooth Drop. Yeager denies the remaining allegations in paragraph 16.

## COUNT ONE
### Negligence

Yeager realleges its responses to the allegations in the foregoing paragraphs as if fully set forth herein.

17. The allegations in paragraph 17 seek a legal conclusion to be determined by the Court, and to which no response is required.

18. The allegations in paragraph 18 seek a legal conclusion to be determined by the Court, and to which no response is required.

19. The allegations in paragraph 19 seek a legal conclusion to be determined by the Court, and to which no response is required.

20. The allegations in paragraph 20 seek a legal conclusion to be determined by the Court, and to which no response is required.

21. The allegations in paragraph 21 seek a legal conclusion to be determined by the Court, and to which no response is required.

22. The allegations in paragraph 22 seek a legal conclusion to be determined by the Court, and to which no response is required.

23. The allegations in paragraph 23 seek a legal conclusion to be determined by the Court, and to which no response is required.

24. The allegations in paragraph 24 seek a legal conclusion to be determined by the Court, and to which no response is required.

25. The allegations in paragraph 25 seek a legal conclusion to be determined by the Court, and to which no response is required.

26. The allegations in paragraph 26 seek legal conclusions to be determined by the Court, and to which no response is required. To the extent a response is required, Yeager denies it breached any duty owed to McJunkin, and denies the allegations in paragraph 26.

27. Yeager denies the allegations in paragraph 27.

### COUNT TWO
### Negligent Infliction of Emotional Distress

Yeager realleges its responses to the allegations of the foregoing paragraphs as if fully set forth herein.

28. Answering the allegations in paragraph 28, Yeager denies that any of its acts or omissions constitute the commission of a tort. Yeager is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28, and therefore denies the same.

29. Answering the allegations in paragraph 29, Yeager denies that it committed any wrongful acts or omissions, or that it is liable to the heirs of Charles P. McJunkin for all damages available under Montana law. Yeager is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29, and therefore denies the same.

## COUNT THREE
### Loss of Consortium

Yeager re-alleges its responses to the allegations of the foregoing paragraphs as if fully set forth herein.

30. Answering the allegations in paragraph 30, Yeager denies that it committed any wrongful acts or omissions, or that it is liable to Plaintiffs for all damages available under Montana law. Yeager is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30, and therefore denies the same.

## AFFIRMATIVE DEFENSES

Yeager reserves the right to add such additional or different affirmative defenses as may be appropriate upon completion of its investigation and discovery in this matter.

## FIRST AFFIRMATIVE DEFENSE

Yeager has not breached any duties or obligations imposed by Montana law owed to McJunkin, or to Plaintiffs.

## SECOND AFFIRMATIVE DEFENSE

Yeager is entitled to a set-off against any judgment that may be entered for any amounts paid to or on behalf of Plaintiffs and is further entitled to the benefit of any prior payments made to Plaintiffs, or any releases or settlement agreements entered into by the Plaintiffs.

## THIRD AFFIRMATIVE DEFENSE

Without admission of liability for the claims made by Plaintiffs and in order to preserve and not waive the defense, Yeager states that Plaintiffs' damages should be reduced due to their failure to mitigate damages.

## FOURTH AFFIRMATIVE DEFENSE

Yeager is entitled to the protections afforded by the Montana Recreation Responsibility Act, Mont. Code Ann. § 27-1-751, *et. seq.*

## FIFTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiffs should be reduced by any and all amounts received from any collateral source.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' damages were caused or contributed to by the negligence of McJunkin or third parties over whom Yeager had no control. Such negligence bars or reduces Plaintiffs' right of recovery, if any, against Yeager.

## SEVENTH AFFIRMATIVE DEFENSE

Yeager complied with the requirements of Montana Code Annotated §§ 37-47-101 through 37-47-405.

## EIGHTH AFFIRMATIVE DEFENSE

Charles McJunkin violated the provisions of Montana Code Annotated §37-47-403.

## NINTH AFFIRMATIVE DEFENSE

Yeager complied with the requirements of Montana Code Annotated § 23-2-521.

## TENTH AFFIRMATIVE DEFENSE

In order to preserve and not waive the defense, Yeager alleges some or all of Plaintiffs' damages, if any, arise from pre-existing conditions unrelated to the accident giving rise to this litigation

## RESERVATION OF ADDITIONAL DEFENSES, CROSS-CLAIMS AND THIRD-PARTY CLAIMS

Yeager reserves the right to add additional defenses following initial discovery and also to file appropriate cross-claims and third-party claims pursuant to applicable Federal Rules of Civil Procedure. Yeager is presently uncertain what affirmative defenses may apply should this case proceed to trial and raises all of the defenses set forth above in order to preserve those defenses rather than waive them. Discovery and trial preparation may reveal that certain affirmative defenses are inapplicable and, should that be the case, those defenses will be withdrawn at the appropriate time.

WHEREFORE, Yeager prays for judgment against Plaintiffs as follows:

1. For Plaintiffs' Complaint to be dismissed with prejudice.
2. For Yeager's costs of suit expended.
3. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Yeager recognizes Plaintiffs' demand for a trial by jury and likewise requests a trial by jury of all issues so triable.

DATED this 6th day of March, 2017.

/s/Ross D. Tillman  
Ross D. Tillman  
BOONE KARLBERG P.C.  
*Attorneys for Defendant James Yeager d/b/a Jim Yeager Outfitters*